USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LIANG HUANG,

                Plaintiff,    :   15 Civ. 2136 (HBP)

  -against-               :   OPINION
                                     AND ORDER

LAND OF PLENTY RESTAURANT, et al., :

                Defendants.   :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Proposed Settlement Agreement, annexed as Ex. 1 to Letter of Ricardo R. Morel, Esq., to the undersigned, dated Jan. 30, 2018 (Docket Item ("D.I.") 24) ("Morel Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action brought by an individual who worked at defendants' restaurant from approximately December 30, 2012 through approximately April 30, 2014 (Amended Complaint dated April 12, 2015 (D.I. 4) ("Am. Compl.") ¶ 2). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay him the minimum wage, overtime premium pay and spread-of-hours pay throughout his employment. Plaintiff

also asserts claims based on defendants' alleged failure to maintain certain payroll records and to provide certain notices under the NYLL.

Defendants deny plaintiff's allegations and assert counter-claims for breach of contract and unjust enrichment for meals that defendants provided to plaintiff and for which plaintiff had agreed to pay, but did not.

The Honorable Andrew J. Peck, United States Magistrate Judge, retired, presided over a settlement conference attended by both parties on June 23, 2015, at which a settlement was not reached. Nevertheless, the parties later agreed to the material terms of a settlement at a mediation session held on February 25, 2016. My knowledge of the underlying facts and the justification for the settlement is, therefore, limited to counsel's representations in the letter submitted in support of the settlement (see Morel Letter).

The parties submitted their proposed settlement agreement for approval on January 30, 2018. The proposed settlement agreement calls for defendants to pay plaintiff a total of $10,000.00 in full and final satisfaction of plaintiff's claims (Proposed Settlement Agreement ¶ 3). The parties also agree that plaintiff's counsel will be paid $500.00 for out-of-pocket

expenses[1] and 33% of the remainder of the settlement fund as a fee[2] (Proposed Settlement Agreement ¶ 3). Accordingly, under the proposed settlement agreement, plaintiff will receive a net settlement amount of $6,333.33. For the reasons stated below, I am unable to approve the proposed settlement agreement.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982))

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an

---

[1]Out-of-pocket expenses include the filing fee and "service costs" (Morel Letter at 2).

[2]The parties state that plaintiff's counsel would receive $3,635.00 for fees. This is an incorrect application of the parties' formula, which provides that plaintiff's counsel should be awarded "33% of the total recovery after reimbursement of $500 in out-of-pocket expenses" (Morel Letter at 2). Under the proposed settlement agreement, plaintiff's counsel would be awarded one-third of $9,500.00 -- the remaining settlement fund after out-of-pocket costs. Thus, under the proposed settlement agreement, plaintiff's counsel would actually be awarded $3,166.67 for attorney's fees.

3

FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted).

As noted above, the proposed settlement agreement provides that plaintiff shall receive $6,333.33 of the settlement fund. In order to determine whether that amount "reflects a reasonable compromise[,]" Agudelo v. E & & D LLC, supra, 2013 WL 1401887 at *1, quoting Johnson v. Brennan, supra, 2011 WL 4357376 at *12, the parties must provide sufficient information to enable me to determine what plaintiff is relinquishing in exchange for the swift resolution of this action and the avoidance of the risks of litigation. The parties have not provided

4

any information that would enable me to make this determination. Importantly, neither the Amended Complaint nor any of the parties' submissions state what plaintiff's alleged damages are. Although the fact that a settlement represents a small portion of plaintiff's total claimed damages generally does not render a proposed settlement deficient, see Barbecho v. M.A. Angeliades, Inc., 11 Civ. 1717 (HBP), 2017 WL 1378267 at *3 (S.D.N.Y. April 12, 2017) (Pitman, M.J), where, as here, the parties' submissions do not provide any information concerning the size of the claim that is being surrendered, the settlement agreement cannot be approved. See Golan v Deutsche Bank Sec. Inc., 15 Civ. 221 (PAE), 2015 WL 13322121 (S.D.N.Y. Dec. 29, 2015) (Engelmayer, D.J.) (rejecting the proposed settlement agreement where the parties' submissions provided insufficient information to determine whether settlement was "fair and reasonable").

In addition, the proposed settlement agreement contains a general release in favor of defendants (Proposed Settlement Agreement ¶ 2(a)). In pertinent part, the release provides:

> [p]laintiff hereby waives, releases, satisfies and discharges, on plaintiff's own behalf and on behalf of anyone who could claim by and through Plaintiff (collectively, "Releasors"), defendants . . ., Defendants' insurers, predecessors and successors in interest, assignees, parents . . . (hereafter collectively referred to as "Releasees"), of and from (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other

5

> benefits of any kind, earnings, backpay, liquidated
> damages and other damages, interest, attorney's fees
> and costs, for any claim brought, or that could have
> been brought under the [FLSA}, . . . Age Discrimination
> in Employment Act of 1967 as amended 29 U.S.C. §§ 621
> et seq. ("ADEA"), Title VII of the Civil Rights Act of
> 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title
> VII") . . ., and (2) any and all claims actions and
> causes of action of any kind or nature that Plaintiff
> once had or now have against Defendants, whether aris-
> ing out of Plaintiff's employment with Defendants or
> otherwise.

(Proposed Settlement Agreement ¶ 2(a)). This is a unilateral release, unlimited by time or subject matter, running in favor of defendants and a long list of related individuals and entities. Such a release is inconsistent with the "primary remedial purpose" of the FLSA -- "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016); see Barbecho v. M.A. Angeliades, Inc., 11 Civ. 1717 (HBP), 2017 WL 1194680 at *2 (S.D.N.Y. Mar. 30, 2017) (Pitman, M.J.) ("A preliminary review of the proposed settlements reveals that I cannot approve them in their current form because each contains a general release that runs only in favor of defendants."); Leon-Martinez v. Central Café & Deli, 15 Civ. 7942 (HBP), 2016 WL 7839187 at *1 *S.D.N.Y. Dec. 19, 2016) (Pitman, M.J.) (rejecting

6

general release in FLSA settlement agreement not limited to wage-and-hour issues (collecting cases)).[3]

Accordingly, within 30 days of this Order, the parties are to submit a revised settlement agreement that corrects the foregoing deficiencies.[4]

Dated: New York, New York
April 25, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[3]In rejecting the proposed settlement here, I have not overlooked the fact that some Judges in the Circuit have approved FLSA settlements containing mutual general releases. Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 5, 2015) (Cott, M.J.); accord Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). The release language in this case is not mutual.

[4]On November 16, 2017, I conducted a conference call between plaintiff and defendants' counsel, at which plaintiff's counsel informed me that plaintiff was out of the country. With my permission, plaintiff executed and notarized the proposed settlement agreement at a United States Embassy and returned the document to his counsel. If plaintiff is still out of the country, plaintiff's counsel may follow the same method to execute the revised proposed settlement agreement.

7