```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LIANG HUANG,                        :

                Plaintiff,      :  15 Civ. 2136 (HBP)

  -against-                        :  OPINION
                                         AND ORDER
LAND OF PLENTY RESTAURANT, et al., :

                Defendants.     :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Letter of Ricardo R. Morel, Esq., to the undersigned, dated June 1, 2018 (Docket Item ("D.I.") 29) ("Morel Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action brought by an individual who worked at defendants' restaurant from approximately December 30, 2012 through approximately April 30, 2014 (Amended Complaint, dated April 12, 2015 (D.I. 4) ("Am. Compl.") ¶ 2). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay him the minimum wage, overtime premium pay and spread-of-hours pay throughout his employment.

        Defendants deny plaintiff's allegations and assert counter-claims for breach of contract and unjust enrichment for

meals that defendants provided to plaintiff and for which plaintiff had agreed to pay, but did not.

The parties agreed to the material terms of a settlement at a mediation session held on February 25, 2016.

The parties originally submitted their proposed settlement agreement for approval on January 30, 2018 (Proposed Settlement Agreement, annexed as Ex. 1 to Letter of Ricardo R. Morel, Esq., to the undersigned, dated Jan. 30, 2018 (D.I. 24)). However, I rejected that proposed agreement on April 25, 2018 on the grounds that (1) the parties failed to provide sufficient information, including plaintiff's damages calculations, to enable me to determine what plaintiff was relinquishing in exchange for the swift resolution of this action and the avoidance of the risks of litigation and (2) the proposed settlement agreement contained an impermissible unilateral general release in favor of defendants. Liang Huang v. Land of Plenty Restaurant, 15 Civ. 2136 (HBP), 2018 WL 1989578 at *2-*3 (S.D.N.Y. Apr. 25, 2018).

On June 7, 2018, the parties submitted the proposed settlement agreement currently before me, claiming to have revised it in accordance with this Opinion and Order (Settlement Agreement and Release, dated June 7, 2018 (D.I. 30-1) ("Settle-

ment Agreement")).¹ Under the Settlement Agreement, defendants agree to pay a total amount of $10,000.00 -- $6,333.33 being paid to plaintiff and $3,666.67 being paid to plaintiff's counsel as attorneys' fees and costs (Settlement Agreement ¶ 4).

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376. at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

---

¹The parties submitted the Settlement Agreement unsigned with my permission because plaintiff was overseas and needed to make an appointment with the American Consulate to properly execute the Settlement Agreement. The parties filed the fully executed Settlement Agreement on August 21, 2018 (see D.I. 32).

3

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, in accordance with my previous Opinion and Order, plaintiff submitted damages calculations to show plaintiff's range of possible recovery (Morel Letter at 2). According to plaintiff, defendants owe him $2,343.20 in unpaid minimum wages, $15,774.75 in unpaid overtime premium pay and $2,565 in spread-of-hours damages, for a total of $20,682.95 (Morel Letter at 2). Thus, plaintiff's net settlement of $6,333.33, after deduction of fees and costs, represents approximately 31% of his total alleged damages. This percentage is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531

4

(PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. Plaintiff has temporarily relocated to China, which would make it extremely difficult for him to continue to litigate this action. Furthermore, because the action settled prior to the start of formal discovery, the parties will be able to avoid the protracted burden and expense of taking depositions and engaging in extensive motion practice.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Defendants asserted counter-claims against plaintiff for breach of contract and unjust enrichment, which could have potentially exposed plaintiff to liability if the action proceeded to trial. An early settlement eliminates this risk.

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel and that counsel advocated zealously on behalf of their respective clients during negotiations. There is no evidence to the contrary.

Fifth, there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations between the parties'

attorneys during the mediation session.

The parties also agree to a mutual release limited to wage-and-hour, breach of contract and unjust enrichment claims. I find this release permissible because it is narrowly tailored to the issues involved in this specific litigation and equally binds both parties. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims" permissible); Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.); see also Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.) (releases of non-FLSA claims can be acceptable where the release of claims is binding on both plaintiffs and defendants because the mutuality cures the "concern[] that the waiver unfairly benefits only Defendants").

Finally, the settlement agreement provides that $500 will be paid to plaintiff's counsel for out-of-pocket costs and

$3,166.67 will be paid to plaintiff's counsel as a contingency fee (Settlement Agreement ¶ 4(a)(2)). Plaintiff's counsel's request for $500 in filing fees and service of process is reasonable, and I approve it. See Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., 11 Civ. 3652 (MKB), 2014 WL 887222 at *10 (E.D.N.Y. Jan. 6, 2014) (Report & Recommendation), adopted at, 2014 WL 883893 (E.D.N.Y. Mar. 6, 2014) ("Filing fees and service of process are specifically included in the statute, and therefore plaintiffs here may recover them."), citing 28 U.S.C. § 1920.

I also find plaintiff's counsel's request for $3,166.67 -- one-third of the net settlement after the deduction of approved costs -- to be a reasonable and appropriate contingency fee. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third

of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). Thus, plaintiff's counsel is awarded $3,166.67 as a contingency fee and $500 in out-of-pocket costs, for a total of $3,666.67.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
September 17, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel